Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin L. Perkins;  Plaintiff,  v.  Fifth Third Bank;  Defendant | No.  **COMPLAINT**  (Jury Trial Demanded) |

**Preliminary Statement**

1. On one or more occasions Defendant obtained the plaintiff's credit report in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq*. Plaintiff seeks monetary, declaratory and injunctive relief.

**Jurisdiction and Venue**

2. Jurisdiction over this action is premised upon 15 U.S.C. § 1681p and 28 U.S.C. § 1367.

3. Venue is proper in this district under 28 U.S.C. § 1391(b) and in that the defendant and in that the conduct complained of occurred here.

## Parties

4. Plaintiff is an individual who resides in Pima County, Arizona.

5. Defendant Fifth Third Bank is an Ohio corporation doing business within the state of Arizona.

## Factual Allegations

### *The Impermissible Access*

6. On September 2, 2014, Fifth Third Bank accessed Mr. Perkins' consumer report (hereinafter "credit report" or "consumer report") via Equifax Information Services LLC, a national consumer reporting agency.

7. The stated purpose for the credit report access was for an account review.

8. Mr. Perkins' account(s) with Fifth Third Bank were included in a Chapter 7 bankruptcy case filed June 28, 2010, and discharged on February 6, 2011.

9. At the time of the inquiry, Mr. Perkins had no active or open accounts with Fifth Third Bank to review.

10. Fifth Third Bank was notified of Mr. Perkins' bankruptcy filing by the bankruptcy court.

11. Fifth Third Bank was notified of Mr. Perkins' bankruptcy discharge by the bankruptcy court.

12. Fifth Third Bank did not have a permissible purpose for making the September 2, 2014 inquiry.

13. At the time Fifth Third Bank made its inquiry, Fifth Third Bank knew that all accounts with Mr. Perkins were closed.

14. At the time Fifth Third Bank made its inquiry, Fifth Third Bank knew that all accounts with Mr. Perkins were included and discharged in Mr. Perkins' Chapter 7 bankruptcy.

15. At the time Fifth Third Bank made its inquiry, Fifth Third Bank knew that it did not have a permissible purpose to access Mr. Perkins' credit report.

### *Other Impermissible Accesses*

16. Upon information and belief, Fifth Third Bank accessed Mr. Perkins consumer report one or more times between December 11, 2012 and September 2, 2014 without a permissible purpose.

### Count I.   Violation of CRA

### *Obtaining Consumer Report by Use of False Pretenses*

17. Plaintiff incorporates the preceding paragraphs.

18. Fifth Third Bank knowingly and willfully used deception and false pretenses to obtain Mr. Perkins' consumer report, by falsely representing or certifying that the report was being obtained for a permissible purpose.

19. Fifth Third Bank's conduct in obtaining Mr. Perkins' credit report under false pretenses violates 15 U.S.C. §1681q.

WHEREFORE, the plaintiff requests that this Court enter judgment in his favor and against defendant Fifth Third Bank as follows:

    a. pursuant to 15 U.S.C. § 1681n(a)(1)(B), award him actual damages, or $1,000 for each access of his credit report obtained by

   false pretenses, whichever is greater;

 b. pursuant to 15 U.S.C. § 1681n(a)(2), award such punitive damages as the Court deems appropriate;

 c. pursuant to 15 U.S.C. § 1681n(a)(3), award costs of the action and reasonable attorney fees; and

 d. grant such other and further relief as the court deems just and proper.

## Count II. Violation of CRA

### *Knowingly Obtaining Consumer Report Without a Permissible Purpose*

20. Plaintiff incorporates the preceding paragraphs.

21. Fifth Third Bank acted knowingly in requesting and obtaining Mr. Perkins' credit report without a permissible purpose.

22. Fifth Third Bank's conduct in knowingly obtaining Mr. Perkins' credit report without a permissible purpose therefore violated 15 U.S.C. §1681b(f).

WHEREFORE, the plaintiff requests that this Court enter judgment in his favor and against defendant Fifth Third Bank as follows:

 a. pursuant to 15 U.S.C. § 1681n(a) (1) (A), award him actual damages, or not less than $100 and not more than $1,000 for each impermissible access of his credit report, whichever is greater;

 b. pursuant to 15 U.S.C. § 1681n(a) (2), award such punitive damages as the Court deems appropriate;

 c. pursuant to 15 U.S.C. § 1681n(a) (3), award costs of the action and reasonable attorney fees; and

      d.   grant such other and further relief as the court deems just and proper.

## Count III.  Violation of CRA

### *Willfully Obtaining Consumer Report Without a Permissible Purpose*

23. Plaintiff incorporates the preceding paragraphs.

24. Fifth Third Bank acted willfully in requesting and obtaining Mr. Perkins' credit report without a permissible purpose.

25. Fifth Third Bank's conduct in willfully obtaining Mr. Perkins' credit report without a permissible purpose therefore violated 15 U.S.C. §1681b(f).

WHEREFORE, the plaintiff requests that this Court enter judgment in his favor and against defendant Fifth Third Bank as follows:

      a.   pursuant to 15 U.S.C. § 1681n(a) (1) (A), award him actual damages, or not less than $100 and not more than $1,000 for each impermissible access of his credit report, whichever is greater;

      b.   pursuant to 15 U.S.C. § 1681n(a) (2), award such punitive damages as the Court deems appropriate;

      c.   pursuant to 15 U.S.C. § 1681n(a) (3), award costs of the action and reasonable attorney fees; and

      d.   grant such other and further relief as the court deems just and proper.

/ / /

/ / /

1 **Demand for Jury Trial**

2   Plaintiff hereby demands a jury trial on all issues so triable.

4   RESPECTFULLY SUBMITTED:  December 11, 2014  .

6     s/ Floyd W. Bybee
Floyd W. Bybee, #012651
7 **BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
8 Chandler, AZ 85226-4687
Office: (480) 756-8822
9 Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff